United States District Court
Southern District of Texas
**ENTERED**
April 04, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN MCWHORTER, SPN #01166790, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0564 |
| FNU HOLLEY, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

While in custody at the Harris County Jail Calvin McWhorter filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), against an officer employed at the Jail. Because McWhorter is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

### I. Discussion

McWhorter sues Officer Holley for violating his civil rights in an unspecified way.[1] Without providing any details about his

---

[1]Complaint, Docket Entry No. 1, pp. 3-4.

claim, McWhorter seeks compensatory damages for "pain and suffering" and for unspecified "injuries" that he sustained as a result of Holley's actions.[2]

Pleadings filed by a pro se litigant are entitled to a liberal construction that affords all reasonable inferences that can be drawn from them. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Even with the benefit of a liberal construction, the Complaint filed by McWhorter does not assert facts that would establish a viable claim under 42 U.S.C. § 1983, which requires a plaintiff to demonstrate (1) a violation of the Constitution or of federal law; and (2) that the violation was committed by someone acting under color of state law. See Atteberry v. Nocona General Hospital, 430 F.3d 245, 252-53 (5th Cir. 2005). The Complaint filed by McWhorter, which contains no details about what the defendant supposedly did, is insufficient to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a plaintiff to set forth in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must be dismissed under Rule 8 if it does not state a claim that is "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Therefore, the Complaint filed by McWhorter is

---

[2] Id. at 4.

subject to dismissal for failure to state a claim for which relief may be granted.

More importantly, McWhorter concedes in his Complaint that he did not exhaust available administrative remedies before filing this lawsuit.[3] McWhorter's Complaint is governed by the Prison Litigation Reform Act ("PLRA"), which requires prisoners to exhaust administrative remedies before filing suit in federal court. See 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. See Booth v. Churner, 121 S. Ct. 1819, 1825 (2001); Porter v. Nussle, 122 S. Ct. 983, 988 (2002); Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006); see also Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

An administrative grievance process is available at the Harris County Jail. See, e.g., Myers v. Klevenhagen, 97 F.3d 91, 93 (5th Cir. 1996) (referencing internal grievance procedures). Under this three-step process all inmates who have a grievance about conditions of confinement must attempt informal resolution, followed by a formal grievance and then an appeal. See Lane v.

---

[3] Id. at 3.

Harris County Jail Medical Dept., Civil No. H-06-0875, 2006 WL 2868944, *3 (S.D. Tex. Oct. 5, 2006), aff'd, 266 F. App'x 315 (5th Cir. 2008). If a formal grievance is not resolved at the initial level following an investigation, it goes to a hearing before the Inmate Grievance Board. See id. Inmates are notified of the Grievance Board's decision in writing within fifteen days. See id. If the inmate disagrees with the findings of the Grievance Board, then the inmate is instructed to appeal that result to the Captain of the Inmate Affairs Division. See id.

The Fifth Circuit has emphasized that "pre-filing exhaustion of prison grievance processes is mandatory" and that district courts lack discretion to excuse a prisoner's failure to exhaust his administrative remedies. Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). Where the face of the complaint makes clear that an inmate has failed to exhaust administrative remedies, a district court may dismiss the complaint without requesting an answer from the defendants. See Dillon v. Rogers, 596 F.3d 260, 272 n.3 (5th Cir. 2010) (noting that sua sponte dismissal is appropriate where "failure to exhaust is apparent on the face of a plaintiff's complaint") (citing Carbe v. Lappin, 492 F.3d 325, 327-28 (5th Cir. 2007))). Because McWhorter failed to exhaust all available administrative remedies before filing suit in federal court, his Complaint must be dismissed for failure to comply with 42 U.S.C. § 1997e(a).

## II. Conclusion and Order

Based on the foregoing, the court **ORDERS** that the Complaint filed by Calvin McWhorter (Docket Entry No. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Alternatively, the Complaint is **DISMISSED without prejudice** for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 4th day of April, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE